Kirkpatrick, C. J.
The material facts appearing upon the return and the affidavits accompanying the same, ar^ these :
In January term, 1822, application was made to the Court of Common Pleas of the county of Monmouth for the appointment of six surveyors to lay out a road from Freehold, in the said county, to Middletown, describing particularly the beginning and the ending of the same; and six surveyors were accordingly appointed in due form of law.
In April term, 1822, a return of the said road having been previously made by the said surveyors, and a caveat entered by the prosecutor, six freeholders were appointed by tlie court to view the said road, and to certify whether they believed the same to be necessary or unnecessary; and of these freeholders one John O. Vanpelt, through whose land the said road did run, was one.
In July term, 1822, the majority of the said six freeholders certified to the court, that they believed the road to be necessary. But inasmuch as the said John C. Vanpelt, through whose land the same did run, was one of the said six freeholders, and, with the five others, did actually proceed to view, deliberate and advise touching the same, though he did not sign the certificate, the court set aside their said appointment of freeholders as incautiously made, and the proceedings and certificate by them had and returned, as unlawful, inoperative and-void.
In October term, 1822, the court appointed six other freeholders to view the same road, and to certify, &c.; and upon the coming in of their certificate in favor of the road, at the succeeding term, they caused the return to be recorded.
There were also affidavits satisfactorily proving that there was great inaccuracy in the return itself, both in courses and distances; in some cases running wide of the monument described, *and in some others falling short of it by *261 many chains; so that tho road could not be opened with any satisfactory degree of certainty; nor if opened could it be maintained for any length of time, there being no permanent monuments intermediate between the beginning and the end, by which the several reaches could be governed.
Upon this state of the case, I am of opinion, that though the proceedings and certificate of these freeholders are not subject to be reviewed by this court upon certiorari, yet that the proceeding of the court below in the appointment of such freeholders, and their judgment upon such certificate, are subject to such review ; and that this has been the uniform construction of this court ever since the passing of this act.
The design of the act undoubtedly is, to facilitate the laying out of public roads, and in so doing to attain the greatest possible public convenience with the least possible private injury. Unfortunately it is so incautiously drawn, and the terms of it so injudiciously chosen, that it is extremely difficult, if not wholly impossible, to carry this design into full effect.
It was intended that mere informalities and irregularities, not touching the substance of the thing, should not stand in the way of a fair execution of the law. But, in order to express this, terms are used which, in their strict sense, would not only be contradictory to one another, but also subversive of the whole scope of the act itself. It is said, for instance, in the seventh section, that the Court of Common Pleas shall not set aside the proceedings of the surveyors for illegality or irregularity. Now suppose the surveyors were to proceed without any proof being made to them, that advertisements of their meeting had been made and set up according to law; suppose they were to make their return without a map or draught; or without any courses and distances; or without date, or, tho time of opening the road; or other material thing which the law expressly requires; or suppose, in this case, their courses *262 and distances would have carried them to Squankum instead of Middletown ;. or that they had laid the road twelve rods wide instead of four; can it be believed that it was the intention of the law makers that such a return should be recorded, or such a road opened ? Such a construction would be nullifying at one stroke every provision of the law. The term illegality, therefore, in this place, must *necessarily be restrained in its general sense, and be taken to mean illegality in matter of form only, and not in matter of substance.
Again, it is said, in the same section, that the certificate and proceedings of the freeholders to be appointed upon caveat filed and entered shall be binding and conclusive in all cases, and shall not be subject to appeal or certiorari, or •to be set aside for lack of form; and further, that if the said freeholders should neglect to certify that the road is unnecessary, or should be equally divided in opinion, then their proceedings shall be valid, and the court shall order the return to be recorded.
It has been supposed by some, and made a rule of practice in some of the courts, that these words preclude all manner of inquiry touching the certificate and proceedings of these freeholders, and that unless they certify that the road is unnecessary, let their course of conduct be what it may, let them be sworn or not sworn, let them view or not view, certify or not certify, let their courses and distances lead to ■Squankum or Middletown, and their road be twelve rods wide or one rod wide, the court must order the return to be recorded, ánd the road must be opened. But I apprehend this is not so.
I take the meaning of the act to be, that this certificate and these proceedings of the freeholders shall not be subject to certiorari at all, that being a tedious and expensive remedy; that they shall not be subject to be set aside, even in the same court, for lack of form only; but that for matter of substance they may be set aside, as in all other cases of a *263 similar nature. In this case, the court below gave the words that construction, and for matter of substance, that is, because one of the freeholders appointed was an owner of the land through which the road ran, did set aside the certificate and proceedings of the freeholders first appointed. In this, in my opinion, they pursued their authority, they did what it was right and incumbent upon them to do. It would be an absurdity to say, that the law will compel a court of justice to carry into effect the proceedings of freeholders which are directly subversive of the very law they are appointed to execute. If the court below had not set aside this first appointment of freeholders and the certificate and proceedings by them had and made, this court, upon certiorari, would have certainly done it for them.
*But having done this, that court had executed their authority; they had done all that the act authorized them to do under such circumstances; they could not take one step farther. The application for freeholders must, by the express words of the act, be made at the term succeeding the entering of the caveat, and the court must, during the term to which the application is made, appoint the freeholders {Rev. Laws 648, sec. 7); and here, upon this subject, their power closes. They have no authority to appoint at any other term or time; they have no authority to appoint others if these refuse; so if the first appointment be set aside for irregularity or want of caution, as was done in this case, or if the certificate and proceedings of those appointed, when returned, be set aside for error or mistake in matter of substance, as well they may, the court can neither make a new appointment nor give time till another term to correct the error or mistake. The act has undertaken positively to prescribe the time when each step in this proceeding shall be had, and we cannot enlarge it.
It is greatly to be regretted, indeed, that in creating summary jurisdictions of this kind, the legislature should think it necessary to go so far into detail, and to prescribe so *264 absolutely the modes and forms and times of proceeding,, without leaving discretionary power to the judicial tribunal^ to change, and alter and extend them according to circumstances. In the execution of this very act, how often, how very often, have proceedings been set aside, after great labor and expense, for failures which it was not practicable, in the ordinary course of things to prevent, and which yet had no bearing upon the substance of the thing? This very case might be given as one example of it. But the court cannot change the law. The legislature had a right to prescribe the time of the appointment of freeholders, and they have done it in absolute terms. An appointment, therefore, at any other time is wholly without authority, and void.
It has been said, that this second appointment was made upon the motion, and of course by the consent of this prosecutor ; but it must be remembered that consent can never give jurisdiction.
Upon the whole, then, I am of opinion that the proceeding of the court below in the appointment of freeholders in the term of Oct. 1822, and in making an order to record the return of the road in the term of Jan. 1823, upon their certificate, as well as *the record of that return, made in pursuance of that order, be vacated, set aside, and for nothing holden.